# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-989V
Filed: July 26, 2019
UNPUBLISHED

| | |
|---|---|
| RENEE KNEPP,<br><br>                  Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                  Respondent. | Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Shealene Priscilla Mancuso*, Muller Brazil, LLP, Dresher, PA, for petitioner.
*Ryan Daniel Pyles*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On July 10, 2018, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine administered on October 11, 2015. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On July 26, 2019, a ruling on entitlement was issued, finding petitioner entitled to compensation for a SIRVA. On July 26, 2019, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $90,000.00.

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Respondent's Rule 4(c) Report Recommending Compensation and Proffer of Compensation at 3. In the Proffer, respondent represented that petitioner agrees with the proffered award. *Id.* Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the Proffer, **the undersigned awards petitioner a lump sum payment of $90,000.00 in the form of a check payable to petitioner, Renee Knepp.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| RENEE KNEPP,<br><br>                    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | No. 18-989V<br>Chief Special Master Nora Beth Dorsey<br>ECF |

# RESPONDENT'S RULE 4(c) REPORT RECOMMENDING COMPENSATION
## and
# PROFFER OF COMPENSATION

On July 10, 2018, Renee Knepp (petitioner) timely filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, as amended ("the Vaccine Act" or "the Act"), 42 U.S.C. §§ 300aa-1 to -34.  Petitioner alleges that she received an influenza (flu) vaccination on October 11, 2015, and thereafter suffered from a left-sided shoulder injury related to vaccine administration (SIRVA).  *See* Petition.  In accordance with the Rules of the U.S. Court of Federal Claims, Appendix B, Vaccine Rule 4(c), the Secretary of Health and Human Services (respondent) submits the following report in response to the petition.  For the reasons set forth below, respondent recommends that compensation be awarded in the amount of $90,000.00, not including attorneys' fees and litigation costs to be determined at a later date.

## FACTS

Petitioner's medical history prior to her alleged injury appears non-contributory to her current claim.  On October 11, 2015, petitioner received a flu vaccination at her place of employment at forty-one years of age.  Exhibit (Ex.) 1 at 1.  On November 30, 2015, petitioner

saw an orthopedist for left shoulder pain since October 11, 2015.  Ex. 2 at 29.  Petitioner referenced her flu vaccination in relation to her pain, although she also noted restraining two patients as an ER nurse at the same time (presumably meaning on the same work shift).  *Id.* at 17.  Petitioner was prescribed a Medrol Dosepak and received a steroid injection.  *Id.* at 17-18.  Petitioner received twelve physical therapy sessions from December 8, 2015, through March 15, 2016.  *Id.* at 54, 56.

On October 19, 2016, petitioner received a flu vaccination in her left hip.  Ex. 1 at 2.  On November 8, 2016, petitioner saw her orthopedist for a recurrence of left shoulder symptomatology that petitioner associated with her October 19, 2016 vaccination in her hip.  Ex. 2 at 12.  The assessment was left shoulder adhesive capsulitis, and petitioner received a second steroid injection for her left shoulder pain.  *Id.* at 12-13.

Following interim orthopedics visits, on May 17, 2017, petitioner had surgery, specifically an arthroscopic capsular release of her left shoulder.  Ex. 2 at 36.  Petitioner had approximately fifteen additional physical therapy sessions from May 19, 2017, through July 20, 2017.  *Id.* at 40, 61-88.  Petitioner reported for the purpose of a July 25, 2017 therapy discharge note that "'I'm not really restricted now and feel like [I] can return to work.'"  *Id.* at 38.

## DISCUSSION

Under the Vaccine Act, petitioner may demonstrate eligibility for an award of compensation by showing that she suffered a vaccine-specific injury listed on the Vaccine Injury Table within the requisite time period set forth in the Table, in which case causation is presumed.  *See* 42 C.F.R. § 100.3.

Medical personnel at the Division of Injury Compensation Programs, Department of Health and Human Services (DICP), have reviewed the facts of this case and concluded that

petitioner's claim meets the Table criteria for SIRVA.  Specifically, petitioner had no history of pain, inflammation or dysfunction of the affected shoulder prior to intramuscular vaccine administration that would explain the alleged signs, symptoms, examination findings, and/or diagnostic studies occurring after vaccine injection; she more likely than not suffered the onset of pain within forty-eight hours of vaccine administration; her pain and reduced range of motion were limited to the shoulder in which the intramuscular vaccine was administered; and there is no other condition or abnormality present that would explain petitioner's symptoms.  42 C.F.R. § 100.3(a), (c)(10).  Therefore, petitioner is entitled to a presumption of vaccine causation.

With respect to other statutory and jurisdictional issues, the records show that the case was timely filed, that the vaccine was received in the United States, and that petitioner satisfies the statutory severity requirement by suffering the residual effects or complications of her injury for more than six months after vaccine administration.  *See* 42 U.S.C. §§ 300aa-11(c)(1)(D)(i).  Petitioner avers that no civil action or proceedings have been pursued in connection with the vaccine-related injury.  *See* 42 U.S.C. §§ 300aa-11(a)(5) and -11(c)(1)(E); Ex. 5 at 1 (affidavit).  Thus, in light of the information contained in petitioner's medical records and affidavit, respondent concedes that entitlement to compensation is appropriate under the terms of the Vaccine Act.

### **PROFFER**

Respondent proffers that petitioner be awarded $90,000.00 for all damages available pursuant to 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

### **CONCLUSION**

Respondent recommends that the Court enter a decision finding petitioner entitled to compensation for left-sided SIRVA sustained as a result of petitioner's October 11, 2015 flu

vaccination and that the court award $90,000.00 for all damages available under Section 15(a) of the Vaccine Act, which does not include reasonable attorneys' fees and litigation costs to be determined at a later date.

        Respectfully submitted,

        JOSEPH H. HUNT
        Assistant Attorney General

        C. SALVATORE D'ALESSIO
        Acting Director
        Torts Branch, Civil Division

        CATHARINE E. REEVES
        Deputy Director
        Torts Branch, Civil Division

        HEATHER L. PEARLMAN
        Assistant Director
        Torts Branch, Civil Division

        <u>s/ RYAN D. PYLES</u>
        RYAN D. PYLES
        Trial Attorney
        Torts Branch, Civil Division
        U.S. Department of Justice
        P.O. Box 146
        Benjamin Franklin Station
        Washington, D.C. 20044-0146
        Tel: (202) 616-9847

DATED: July 26, 2019